IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-CR-2 |
| | ) | |
| v. | ) | |
| | ) | |
| FLOYD S. SIMPSON, | ) | (JORDAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 10, 2014, for a motion hearing on Defendant Floyd Simpson's pretrial motions.[1] Defendant Simpson moves the Court [Docs. 363 & 367] to adopt the following motions filed by his Codefendants:

(1) Motion for Hearing on Existence of a Conspiracy [Doc. 355], filed on May 1, 2014;

(2) Motion for Pretrial Notice of FRE Rule 608 Evidence of Character or Conduct the Government Intends to Offer or FRE 609 Impeachment Evidence [Doc. 357], filed on May 1, 2014; and

(3) Motion for Severance of Defendants [364], filed on May 2, 2014.

Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney

---

[1] At the time of the motion hearing, Defendant Amanda Roach announced that she intended to enter into a plea agreement and would be asking to withdraw her pending pretrial motions. On June 24, 2014, the Court granted [Doc. 501] Defendant Roach's motion to withdraw all of her motions.

1

Douglas A. Trant represented Defendant Simpson, who was excused from the hearing.

### I.  MOTIONS TO ADOPT [Docs. 163 & 167]

Defendant Simpson asks [Docs. 163 & 167] to adopt three motions filed by Codefendants Lynn and Roach.  The Government does not object to Defendant Simpson joining in Defendant Lynn's motions.  Accordingly, Defendant Simpson's motion [**Doc. 363**] to adopt two motions filed by Defendant Lynn is **GRANTED**.   During the June 10 hearing, the parties agreed that Defendant Roach's Motion for Severance of Defendants [Doc. 364] is moot with respect to Defendants Simpson and Roach.  Accordingly, the Court finds that Defendant Simpson's request to join [**Doc. 367**] in Defendant Roach's Motion for Severance of Defendants should be **DENIED as moot.**

### II.  ENRIGHT/VINSON HEARING [Doc. 355]

Defendant Simpson asks [Doc. 355] the Court to require the Government to prove the existence of a conspiracy and of his connection thereto at a pretrial hearing before it may introduce any declarations of coconspirators pursuant to Federal Rule of Evidence 801(d)(2)(E) at trial.  He argues that this procedure is necessary to avoid prejudice to him from testimony regarding codefendants before he is ever implicated in the conspiracy.  He contends that a pretrial hearing would protect his right to due process of law and would not be unduly burdensome to the Government.

The Government responds [Doc. 386] that a pretrial hearing on the existence of and Defendant Simpson's connection to the conspiracy would be burdensome, time consuming, and a

waste of resources, because the same evidence would be presented again at trial. Moreover, the Government asserts that a pretrial hearing would permit the Defendant to learn the details of its evidence and the identity of its witnesses before trial, in contravention of the legislative intent of Federal Rule of Criminal Procedure Rule 16 and the Jencks Act. The Government asks that it be allowed to present coconspirator statements at trial subject to a later demonstration of their admissibility under the coconspirator exception to the hearsay rule.

The Federal Rules of Evidence require that for a statement of a coconspirator to be admissible non-hearsay, the statement must be "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit has approved three potential procedures for resolving the admissibility of alleged co-conspirator statements: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979) (citing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)). The Defendant asks for the first of these options, a pretrial or Enright hearing. The Court observes that it is the historical practice in this district to use the third of these options, which the Court will refer to as the provisional admission option. The Defendant argues that a pretrial hearing is the most efficient way to protect his due process rights.

Our Court of Appeals for the Sixth Circuit has observed that pretrial Enright hearings have the disadvantage of being "burdensome, time-consuming and uneconomic." Vinson, 606 F.2d at 152 (footnote omitted). Nevertheless, "a trial judge, in the exercise of his discretion, may choose

3

to order the proof in this manner if the circumstances warrant." Id. The decision of which of the Vinson options to use falls squarely within the district judge's sound discretion. United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative"). A change from the historical method is not warranted when the proponents of the pretrial hearing offer only "general and vague objections" that "demonstrate no specific prejudice" resulting from the use of the provisional admission option. United States v. Martin, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008).

In the instant case, Defendant Simpson argues only that unspecified "facts weigh strongly in favor of conducting [a pretrial] hearing to avoid obvious prejudice to this Defendant should significant and repeated testimony regarding the co-defendants be introduced prior to the required showing on the part of the government establishing this Defendant's connection to any charged conspiracy." [Doc 355 pp.2-3] The undersigned finds that this is type of general objection could be raised in every case in which a conspiracy is charged. Thus, Defendant Simpson has not shown that the provisional admission option will cause him some specific prejudice.

The Court has considered the Defendant's argument and finds no reason to depart from the traditional provisional admission approach in this case. Because the Defendant's motion relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice[2] employed in this district of permitting the Government to present the statement before proving the conspiracy and then instructing the jury that the Government must prove the conspiracy before it can consider the statement. Accordingly, the Motion for Hearing on Existence

---

[2]The Court observes that the Defendant is free to request a different procedure from District Judge Varlan by way of a motion *in limine* before trial.

of a Conspiracy [**Doc. 355**] is **DENIED**.

### III. PRETRIAL NOTICE OF CHARACTER/IMPEACHMENT EVIDENCE [Doc. 357]

Finally, pursuant to Federal Rule of Criminal Procedure 12(b)(4), Defendant Simpson requests [Doc. 357] pretrial notice of the Government's intent to use character evidence under Federal Rule of Evidence 608 or impeachment evidence under Federal Rule of Evidence 609. Additionally, he asks for a hearing outside the presence of the jury to determine the admissibility of such evidence in light of its relevance and any undue prejudice. Defendant Simpson contends that pretrial notice of Rule 608 and 609 evidence is necessary to allow him to prepare to argue for the exclusion of the evidence or to defend against it.

The Government responds [Docs. 383 & 388] that it is not required to disclose impeaching evidence before trial, unless such evidence is exculpatory. Nevertheless, the Government states that it will disclose impeachment material five days before trial, unless that evidence is also Jencks material, which it will produce in compliance with the Jencks Act, 18 U.S.C. § 3500. With regard to evidence of a witness's character for truthfulness under Rule 608, the Government contends that the Rule permits such evidence only after the witness's character for truthfulness has been attacked by opinion or reputation evidence. It maintains that in addition to the contingent nature of such evidence, the Rules contain no requirement for pretrial notice. The Government argues that because Brady v. Maryland, 373 U.S. 83 (1963); Federal Rule of Criminal Procedure 16; and the Jencks Act exhaust the universe of discovery to which a defendant is entitled, the Court should not order the requested pretrial disclosure.

Pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, Defendant

5

Simpson seeks pretrial notice of the Government's intention to use evidence of a witness's reputation for truthfulness or impeachment evidence. Rule 12(b)(4)(B) provides:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B). Rule 608, Fed. R. Evid.[3], permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609, Fed. R. Evid., outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules expressly requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of an intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b). Nor do the Federal Rules of Criminal Procedure require the Government to disclose the information at issue. See Fed. R. Crim. P. 12, 16.

First, the Court questions the practical applicability of Rule 12(b)(4) to require notice of evidence under Federal Rules of Evidence 608 and 609. Rule 609 deals with impeachment evidence, while Rule 12(b)(4) applies to evidence to be used in the Government's case-in-chief.[4]

---

[3]"[E]vidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). The rule does not permit the parties to introduce extrinsic evidence, other than a criminal conviction pursuant to Rule 609, to prove specific instances of conduct for truthfulness. Fed. R. Evid. 608(b). A court has discretion to permit cross-examination of a witness about specific instances of conduct probative of truthfulness or untruthfulness, if the questioning relates to the witness's character for truthfulness or untruthfulness or to the truthful or untruthful character of another witness about whom the testifying witness has testified. Fed. R. Evid. 608(b).

[4]The Court recognizes that the credibility of a witness may be attacked by any party, "including the party that called the witness[.]" Fed. R. Evid. 607. Thus, the Government could

6

Case 3:14-cr-00002-RLJ-CCS   Document 545   Filed 07/08/14   Page 6 of 8   PageID #: 1982

More importantly, the express purpose of the government's notice under Rule 12(b)(4) is to allow the defendant an opportunity to file a motion to suppress the evidence before trial under Rule 12(B)(3). Fed. R. Crim. P. 12(b)(4)(A)-(B). Defendant Simpson seeks notice of Rule 608 or 609 evidence in order to attempt "to exclude" it, presumably by arguing that it is inadmissible under the Federal Rules of Evidence, or to defend against it at trial. Thus, the Court finds that Rule 12(b)(4) does not support the Defendant's request for pretrial notice in this case.

In any event, evidence of a witness's truthfulness or lack thereof, under Rule 608, is a reactionary type of evidence. In other words, as argued by the Government, such evidence is not admissible until the witness's reputation for truthfulness has been attacked. Fed. R. Evid. 608(a); see also Advisory Committee Notes, Fed. R. Evid. 608 (stating that "[c]haracter evidence in support of credibility is admissible under the rule only after the witness' character has first been attacked, as has been the rule at common law"). As a practical matter, the use of such evidence does not lend itself to pretrial notice because the occasion to use Rule 608 evidence may never arise. As for impeachment by evidence of a criminal conviction under Rule 609, the Government has agreed to provide notice of its intent to use this evidence five days before trial.[5]

---

choose to impeach a witness that it calls in its case-in-chief. This Court's Order on Discovery and Scheduling requires the Government to "obtain the record of prior convictions, if any, of any witness who will testify for the government at trial so that the record will be available to the defendant at trial." [Doc. 17, ¶F.]

[5]In its response, the Government declines to provide impeachment evidence covered by the Jencks Act until after the direct examination of the witness at trial. Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). In its Order on Discovery and Scheduling, this Court has also "strongly encouraged [the Government] to reveal Jencks Act materials to defense counsel as soon as possible, and well before the testimony of government witnesses in order to avoid undue interruptions of trials." [Doc. 17, ¶O]

7

Accordingly, the Defendant's motion [**Doc. 357**] for pretrial notice of Rule 608 and 609 evidence is **DENIED**. The Court finds that the District Judge, to whom issues of the admissibility of evidence at trial are entrusted, will be a better position to determine whether a jury-out hearing is in order and the admissibility of this evidence in relation to the other evidence introduced at trial. Thus, the Defendant may challenge the admissibility of character or impeachment evidence before the District Judge.

## IV. CONCLUSION

After careful consideration of Defendant Simpson's motions, the Court **ORDERS** as follows:

(1) Defendant Simpson's motion [**Doc. 363**] to adopt two motions filed by Defendant Lynn is **GRANTED**;

(2) Defendant Simpson's request to join [**Doc. 367**] in Defendant Roach's Motion for Severance of Defendants is **DENIED as moot**;

(3) the Motion for Hearing on Existence of a Conspiracy [**Doc. 355**] is **DENIED** and;

(4) The Defendant's Motion for Pretrial Notice of FRE Rule 608 Evidence of Character or Conduct the Government Intends to Offer or FRE 609 Impeachment Evidence [**Doc. 357**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge